FILED

Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green
Suite 6426
Dover, Delaware 19901
(302) 401-6804

2019 JUN -3 PM 1: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY___/AW)_____

**Defendant Pro Se**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVOCATE CAPITAL, INC. a Tennessee corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP J. LAYFIELD, a resident of the State of California | Case No. 8:17-cv-01628-AG-DFM×<br><br>**PHILIP J. LAYFIELD'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Hearing Date: June 24, 2019<br>Hearing Time: 09:00am<br>Department: 10D |

COMES NOW, Defendant, PHILIP J. LAYFIELD (hereinafter "LAYFIELD"), and hereby submits this Response to the Order to Show Cause set for June 24, 2019.

### I.

### FACTS

**A.** **Background**

Plaintiff, Advocate Capital claims to have personally served me with a summons and complaint on or about September 23, 2017. If a factual inquiry determines that I was

not personally served, then pursuant to Rule 4, the default judgment obtained is void as a matter of law and of no force and effect. A Motion for Reconsideration was filed and a hearing set for October 22, 2018. In this Court's Tentative Ruling, this Court required that I personally appear and be placed under oath rather than appear via telephone.

On October 22, 2018, I personally appeared as instructed and agreed to be placed under oath. It should be noted for the record that I reside in Delaware and had to incur substantial expense to travel across the country for this personal appearance. Rather than respect this Court's instructions, Counsel for Advocate Capital was woefully unprepared to proceed with the hearing and the hearing was continued to January 2019.

At the October 22, 2018 hearing, Counsel for Advocate Capital was instructed to produce certain witnesses at the January hearing, including the Richard Horner, the process server. On the Court's own motion, it sua sponte cancelled the evidentiary hearing and set a Status Conference. That status conference was set for April 29, 2019 and there was no requirement that I personally appear for the status conference.

### B. Events Leading Up to My Failure to Appear

On Friday, April 26, 2019, I wrongfully assumed that I could arrange my telephonic appearance using my CourtCall online account. At approximately 2pm est., I attempted to book my appearance using the Courtcall web interface and my online account. After entering my information, I received an error message that told me the system was experiencing difficulties and to try again later. I later tried to log onto the system on Friday evening and was unable to book the appearance because unbeknownst to me, this Court does not participate in the Courtcall service as does all of the State Courts and the Federal Bankruptcy Courts. I tried to call the Courtcall helpline on Friday evening, but they were closed.

Throughout the weekend I attempted to locate instructions on how to appear telephonically in this Department, but was unable to find any information. I searched the

Local Rules, searched this Department's webpage and looked at posted online Standing Orders. I was unable to locate any instructions. Over the weekend, I informed Mr. Golden and asked him to inform the court.

On Monday, April 29, 2019, I emailed and called the Courtroom Deputy prior to the hearing to inquire as to whether any solution could be had and I did not receive any response until after the hearing had occurred.

### C. Sanctions are Not Warranted and This OSC Should be Discharged

I respectfully apologize to this Court and Your Honor for failing to make appropriate telephonic arrangements in advance and meant no disrespect to Your Honor for my failure to appear. My failure to appear was the result of excusable neglect and a simple mistake in the procedure for appearing telephonically. Forcing me to incur the expense of travelling across the country a second time will place a financial burden on me as I have already been forced to travel across the country once only to have the hearing continued due to the lack of preparation of Mr. Golden.

### D. Relevant Events Since April 29, 2019

As Your Honor is aware, the January 2019 hearing was continued based on the assertion by Mr. Golden that the Automatic Stay prevented the hearing from moving forward. In response to those concerns, I have filed a Motion for Relief from the Automatic Stay in the United States Bankruptcy Court to allow me to proceed with the Evidentiary Hearing in this Court. That Motion is set to be heard on August 27, 2019 in front of The Honorable Neil Bason.

## CONCLUSION

I respectfully request that Your Honor discharge the OSC set for June 24, 2019 no later than June 10, 2019 so I will not be forced to incur the substantial expense of

PHILIP J. LAYFIELD'S
RESPONSE TO ORDER TO SHOW CAUSE
CASE NO.: 8-17-CV-01628-AG-DFM
PAGE 3

1 booking travel arrangements. I further request that Your Honor set a further status
2 conference after August 27, 2019 so we may report the results of the Motion for Relief
3 from the Automatic Stay.

                              **PHILIP J. LAYFIELD**

                              By: _____

                              Philip J. Layfield
                              **Defendant, Pro Se**



Layfield
8 the Green
Suite C426
Dover, DE 19901

Intake Clerk filing services
Clerk of court
U.S. District Court
Ronald Regan Federal Build. + US court
411 West 4th Street Room 1053
Santa Ana, CA 92701

Intake

CERTIFIED MAIL
7019 0160 0000 2135 4500

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN -3 2019
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY DEPUTY

